UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

GROUNDHOG ENTERPRISES, INC. d/b/a
MERCHANT LYNX SERVICES,

    Plaintiff,

v.

CASE NO.

CRAIG DEVLIN and FREEDOM EDGE
LLC,

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiff, Groundhog Enterprises, Inc. d/b/a Merchant Lynx Services ("**Merchant Lynx**"), files its Complaint for Damages and Injunctive Relief against Defendants, Craig Devlin ("**Devlin**") and Freedom Edge LLC ("**Freedom Edge**" and together with Devlin, "**Defendants**"), and in support thereof respectfully shows:

### I. INTRODUCTION

1. This is an action for injunctive relief and damages arising from Defendants' breach of their non-solicitation and confidentiality obligations owed to Merchant Lynx, their misappropriation of trade secrets, and their tortious interference with Merchant Lynx's contractual and business relationships.

2. Merchant Lynx provides various merchants with credit and debit card payment processing services.

3. Between 2021 and 2025, Defendants referred certain merchants to Merchant Lynx for payment processing services. In exchange, Defendants were entitled to certain residual payments associated with those merchant accounts.

4. In June 2025, Merchant Lynx and Defendants entered into a Settlement Agreement and Release (the "**Settlement Agreement**"), in which Defendants agreed that all merchant accounts referred by Defendants to Merchant Lynx (the "**Accounts**") were owned entirely by Merchant Lynx and that Defendants were prohibited from soliciting any of the Accounts.

5. Upon information and belief, despite those promises, Defendants used and/or disclosed Merchant Lynx's confidential information to improperly solicit the very same merchant Accounts—in direct violation of the representations, warranties, and obligations under the agreements that Defendants had with Merchant Lynx. Further, Defendants have, and continue to, wrongfully divert and damage Merchant Lynx's contractual and business relationships with its merchants.

6. Defendants conduct represents a brazen breach of the Representative Agreement and Settlement Agreement with Merchant Lynx, the Defend Trade Secrets Act, 18 U.S.C. § 1836, et seq. ("**DTSA**"), the Florida Uniform Trade Secrets Act, Fla. Stat. § 688.001, *et seq.* ("**FUTSA**"), as well as clear instances of tortious interference with Merchant Lynx's contractual and business relationships with its merchants.

7. Defendants have—and will continue to cause—irreparable and irreversible injury if not immediately enjoined by this Court. Accordingly, Merchant Lynx seeks preliminary and permanent injunctive relief, monetary damages, costs, interest, and attorney's fees to the extent available under applicable law.

## II.   PARTIES

8. Merchant Lynx is a Georgia corporation that maintains its principal place of business in Florida.

9. Devlin is an individual residing in New Hampshire. Accordingly, Devlin is a citizen of New Hampshire for the purposes of 28 U.S.C. § 1332.

10. Freedom Edge is a New Hampshire limited liability company with its headquarters located in Meredith, New Hampshire. Accordingly, Freedom Edge is a citizen of New Hampshire for the purposes of 28 U.S.C. § 1332.

### III. JURISDICTION AND VENUE

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 in that this action arises under the laws of the United States, and specifically, 18 U.S.C. § 1836. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332. Defendants are completely diverse from Merchant Lynx, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) as a substantial part of the claims giving rise to this suit occurred in this District.

13. This Court has personal jurisdiction over Defendants because Defendants expressly, knowingly and voluntarily consented to the jurisdiction of this District for any disputes arising out of the Settlement Agreement (defined below), and Defendants' individual and joint tortious actions have affected and injured Merchant Lynx in Florida.

### IV. FACTUAL BACKGROUND

**A.  Background on Merchant Lynx and Defendants.**

14. Merchant Lynx services thousands of "brick and mortar," mobile, and online businesses in securely accepting and processing credit and debit card payments. Merchant Lynx is registered with the Visa and MasterCard networks through its association with various national

Page **3** of **20**

banks and financial institutions, which authorize Merchant Lynx to market and provide their payment processing services to merchants.

15. Merchant Lynx enables businesses to securely accept credit and debit card payments.

16. Merchant Lynx possesses proprietary, confidential information and data, including, but not limited to information relating to (i) Merchant Lynx's and its affiliates operations, business methods, business and marketing plans, sales, financial information, products or services; (ii) any merchants or prospective merchants of Merchant Lynx or its affiliates; (iii) Merchant Lynx's payment processing services, pricing information, and merchant agreements; (iv) merchant accounts and records, including account numbers and cardholder data; (v) merchants' monthly processing volumes, revenues, and profitability (vi) merchant, prospective merchant, or customer lists; (vii) details regarding the functioning of computer and software programs and systems, software source documentation and computer access codes; and (viii) instruction and/or procedural manuals, collectively, the "**Confidential Information**."

17. Freedom Edge is an independent sales organization ("**ISO**") that markets the payment processing services of various third parties to merchants. Upon information and belief, Devlin is the sole owner and operator of Freedom Edge.

**B.     The Parties' Authorized Representative Agreement.**

18. Pursuant to the Authorized Representative Agreement (the "**Representative Agreement**") dated September 10, 2021, Freedom Edge agreed to provide marketing services to Merchant Lynx. A true and correct copy of the Representative Agreement is attached hereto as **Exhibit A**.

19. Under the Representative Agreement, Freedom Edge solicited and boarded merchants with Merchant Lynx for payment processing services.[1] In exchange, Freedom Edge was entitled to receive periodic residual commission payments (the "**Residuals**") based on revenues generated from the merchants that Freedom Edge boarded with Merchant Lynx.[2] These Residuals were an income stream for Freedom Edge based on the boarded merchants' payment processing transactions through Merchant Lynx.

20. In connection with the Representative Agreement, Merchant Lynx provided Defendants with access to Merchant Lynx's Confidential Information. Thus, in exchange for Merchant Lynx's payments to Freedom Edge, Freedom Edge agreed in the Representative Agreement that neither it nor its affiliates would directly or indirectly solicit, persuade, or influence any merchant for payment processing services provided by another company or in any other way interfere with the contractual relationship between Merchant Lynx and such merchant.[3]

21. Further, Freedom Edge acknowledged in the Representative Agreement that it would receive access to Confidential Information from Merchant Lynx and Merchant Lynx's customers, and Freedom Edge agreed to maintain the confidentiality and not use such information during the term of the Representative Agreement and for five years after its termination.[4]

22. After the execution of the Representative Agreement, Merchant Lynx provided Freedom Edge access to the Confidential Information.

---

[1] Exhibit A at § 7(a) ("Solicitation of Merchants").
[2] *See id*. at § 9(a) ("Residuals").
[3] *See id.* at § 11(a) ("Non-Solicitation").
[4] *See id*. at § 12 ("Confidentiality").

C.     **The Settlement Agreement.**

23.    In 2025, a dispute arose between Defendants and Merchant Lynx regarding the Residuals.

24.    Pursuant to the Settlement Agreement dated June 13, 2025, the Defendants were expressly prohibited from soliciting Merchant Lynx's Accounts. A true and correct copy of the Settlement Agreement is attached hereto as **Exhibit B**.

D.     **Defendants' Actions Interfering with the Accounts.**

25.    Beginning in September 2025, Defendants have repeatedly breached their non-solicitation and confidentiality obligations owed to Merchant Lynx under the Representative and Settlement Agreement.

26.    Defendants are uniquely knowledgeable about the referred Accounts because they initially solicited and boarded these merchants with Merchant Lynx under the Representative Agreement. Critically, however, the information Defendants acquired about these merchants, including information regarding the merchants' monthly processing volumes, revenues, and profitability, is Confidential Information owned exclusively by Merchant Lynx pursuant to the Representative Agreement.

27.    Nevertheless, Defendants used that Confidential Information, in whole or in part, to target, solicit and influence the most highly profitable merchants to move away from Merchant Lynx, in blatant breach of both the non-solicitation and confidentiality covenants set forth in the Representative Agreement and Settlement Agreement.

28.    Using Merchant Lynx's confidential customer data, Defendants continue to solicit Merchant Lynx's customers for Defendants' direct benefit through their agreements with other individual sales organizations or payment processors.

29. Merchant Lynx contacted Defendants regarding their wrongful conduct and demanded restitution. Defendants have refused to remedy the harm they have caused to Merchant Lynx.

30. Upon information and belief, it appears that Merchant Lynx's most valuable merchants are now re-processing with other processors due to Defendants re-solicitation.

31. Defendants have materially defaulted on their obligations, including their indemnity obligations, and should be held accountable, both through injunctive relief and the payment of damages to Merchant Lynx.

32. All conditions precedent to the maintenance of the claims asserted herein have occurred, been satisfied, or waived by the Defendants.

## COUNT I
**BREACH OF THE REPRESENTATIVE AGREEMENT (AGAINST FREEDOM EDGE)**

33. Merchant Lynx adopts and re-alleges Paragraphs 1-32 above as though fully alleged herein.

34. Freedom Edge is a party to the valid and enforceable Representative Agreement, as set forth above and attached hereto as Exhibit A.

35. The Representative Agreement contains, as described above, confidentiality and non-solicitation covenants for the term of the agreement and for a period of five years after its termination.[5] Under which, Freedom Edge agreed that neither it nor any of its affiliates would directly or indirectly solicit, persuade, or influence any merchant to use payment processing

---

[5] *See* Exhibit A at §§ 11(a), 12(a).

services provided by another company or in any other way interfere with the contractual relationship between Merchant Lynx and such merchant.[6]

36. As detailed above and as discovery will demonstrate, Freedom Edge breached the Representative Agreement by, among other things, (i) using and/or disclosing Merchant Lynx's Confidential Information, including, without limitation, to target, solicit, and influence the most highly profitable merchants to leave Merchant Lynx; and (ii) soliciting Merchant Lynx's Accounts in direct violation of the Representative Agreement.

37. Freedom Edge's material breaches of the Representative Agreement with Merchant Lynx have caused Merchant Lynx significant damages in excess of $500,000.

38. Freedom Edge's conduct and the resulting damage and loss have necessitated the retention of attorneys. Merchant Lynx is entitled to recover its reasonable attorneys' fees incurred in prosecuting these claims pursuant to Section 17 of the Representative Agreement.[7] Merchant Lynx is also entitled to recover pre-judgment and post-judgment interest, expert witness fees, and costs of suit.

39. Merchant Lynx has been, and will continue to be, irreparably harmed by Freedom Edge's breach of the Representative Agreement. If Freedom Edge's solicitation of merchants continues unabated, it will effectively destroy the secrecy of Merchant Lynx's Confidential Information and, thus, Merchant Lynx's business, established customer base, customer loyalty and trust, and goodwill. Freedom Edge will gain an unfair competitive advantage in the marketplace that it took Merchant Lynx decades to build.

---

[6] *See* Exhibit A at § 11(a).
[7] *See id.* at § 17.

40. Merchant Lynx has a clear legal and contractual right to the injunctive relief sought herein. Section 13 of the Representative Agreement provides:

> If Representative breaches, or threatens to breach, any of the provisions of Sections 11 or 12 of this Agreement, in addition to any other rights Company may have, including a claim for damages, Company may specifically enforce such rights. The parties agree that Representative's breach or threatened breach of Sections 11 or 12 would cause irreparable harm to Company, monetary damages would not provide an adequate remedy, and such actious may be enjoined by any court of competent jurisdiction, without presentment of a bond (such requirement being expressly waived by Representative).

41. Merchant Lynx has no adequate remedy at law for Freedom Edge's blatant and ongoing violation of its confidentiality and non-solicitation obligations. The total loss to Merchant Lynx of its customer goodwill, sales, profits, and the value of its Confidential Information that will result from Defendants' actions is incalculable and will be irreparable. Therefore, the only adequate, effective, and complete remedy is to enjoin Freedom Edge from soliciting any merchant boarded with Merchant Lynx for the remainder of the prohibited period as required by the Representative Agreement, and from disclosing or using any of Merchant Lynx's confidential or proprietary information.

42. Merchant Lynx has a substantial likelihood of success on the merits of its claim for Breach of the Representative Agreement.

43. The entry of an injunction will serve the public interest by preserving the integrity of confidential and proprietary information, upholding contractual agreements freely entered, and preventing Freedom Edge from profiting by illicit means.

44. Merchant Lynx has performed all conditions precedent to enforcement of the Representative Agreement, or they have been waived.

WHEREFORE, Merchant Lynx respectfully requests that this Court enter judgment against Freedom Edge as follows:

i. Preliminarily and permanently enjoin Freedom Edge from further breaches of the Representative Agreement, including, but not limited to, enjoining Freedom Edge, and anyone working in concert with it, from unlawfully soliciting Merchant Lynx's Accounts, and from misappropriating, using, and disclosing Merchant Lynx's Confidential Information;

ii. Awarding damages, including but not limited to, all monetary damages, interest, and attorney's fees;

iii. Awarding any other relief this Court deems just and proper.

## COUNT II
## BREACH OF THE SETTLEMENT AGREEMENT (AGAINST DEVLIN AND FREEDOM EDGE)

45. Merchant Lynx adopts and re-alleges Paragraphs 1-32 above as though fully alleged herein.

46. Defendants are parties to the valid and enforceable Settlement Agreement, as set forth above and attached hereto as Exhibit B.

47. The Settlement Agreement contains, as described above, a non-solicitation covenant. Under which, Defendants agreed that all Accounts Defendants boarded with Merchant Lynx were solely owned by Merchant Lynx, and that the non-solicitation covenant set forth in the Representative Agreement was in full force and effect.[8]

---

[8] *See* Exhibit A at § 6.

48. As detailed above and as discovery will demonstrate, Defendants breached the Settlement Agreement by, among other things, soliciting Merchant Lynx's Accounts in direct violation of the Settlement Agreement.

49. Pursuant to the Settlement Agreement, Defendants' breach entitles Merchant Lynx to an immediate return of its settlement payments to Defendants.[9]

50. Defendants' material breaches of the Settlement Agreement have caused Merchant Lynx significant damages, in excess of $500,000. Merchant Lynx is also entitled to recover pre-judgment and post-judgment interest, expert witness fees, and costs of suit.

51. Merchant Lynx has been, and will continue to be, irreparably harmed by Defendants' breach of the Settlement Agreement. If Defendants' solicitation of merchants continues unabated, it will effectively destroy the secrecy of Merchant Lynx's Confidential Information and, thus, Merchant Lynx's business, established customer base, customer loyalty and trust, and goodwill. Defendants will gain an unfair competitive advantage in the marketplace that it took Merchant Lynx decades to build.

52. Merchant Lynx has a clear legal and contractual right to the injunctive relief sought herein.

53. Merchant Lynx has no adequate remedy at law for Defendants' blatant and ongoing violation of their confidentiality and non-solicitation obligations. The total loss to Merchant Lynx of its customer goodwill, sales, profits, and the value of its Confidential Information that will result from Defendants' actions is incalculable and will be irreparable. Therefore, the only adequate, effective, and complete remedy is to enjoin Defendants from soliciting any merchant boarded with

---

[9] *See id.*

Merchant Lynx for the remainder of the prohibited period as required by the Representative Agreement, and from disclosing or using any of Merchant Lynx's confidential or proprietary information.

54. Merchant Lynx has a substantial likelihood of success on the merits of its claim for Breach of the Settlement Agreement.

55. The entry of an injunction will serve the public interest by preserving the integrity of confidential and proprietary information, upholding contractual agreements freely entered, and preventing Defendants from profiting by illicit means.

56. Merchant Lynx has performed all conditions precedent to enforcement of the Settlement Agreement, or they have been waived.

WHEREFORE, Merchant Lynx respectfully requests that this Court enter judgment against Defendants as follows:

i. Preliminarily and permanently enjoin Defendants from further breaches of the Settlement Agreement, including, but not limited to, enjoining Defendants, and anyone working in concert with them, from unlawfully soliciting Merchant Lynx's Accounts, and from misappropriating, using, and disclosing Merchant Lynx's Confidential Information;

ii. Awarding damages, including but not limited to, all monetary damages, interest, and attorney's fees;

iii. Awarding any other relief this Court deems just and proper.

## COUNT III
## VIOLATION OF THE DEFEND TRADE SECRETS ACT (AGAINST DEVLIN AND FREEDOM EDGE)

57. Merchant Lynx adopts and re-alleges Paragraphs 1-32 above as though fully alleged herein.

58. This is an action for damages and injunctive relief under the DTSA.

59. Merchant Lynx's Confidential Information constitutes trade secrets, in whole or in part, as defined by 18 U.S.C. § 1839(3).

60. Upon information and belief, Defendants misappropriated Merchant Lynx's trade secrets and Confidential Information without its consent, in violation of the DTSA.

61. The trade secrets and Confidential Information misappropriated by Defendants derive independent economic value by virtue of not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from their disclosure or use.

62. Merchant Lynx takes reasonable measures to maintain the confidentiality of and protect its trade secrets and Confidential Information, including limiting access to them and preventing anyone from accessing such information who is not subject to confidentiality obligations.

63. Defendants, through their representative capacity with Merchant Lynx, acquired, had access to, and had direct knowledge and reason to know of Merchant Lynx's trade secrets and Confidential Information, as shown by the acknowledgement in the Representative Agreement.

64. Defendants were obligated by the Representative and/or Settlement Agreements and by applicable law to refrain from disclosing or using Merchant Lynx's trade secrets and Confidential Information.

65. Nonetheless, Defendants misappropriated, used, and/or disclosed Merchant Lynx's trade secrets and Confidential Information for their own benefit to target, solicit, and influence merchants to leave Merchant Lynx.

66. As a direct and proximate result of Defendants conduct in violation of DTSA, Merchant Lynx has suffered and will continue to suffer immediate and irreparable injury to its business, goodwill, and income. At present, it is difficult to calculate this injury with precision, but the monetary damage exceeds $500,000.

67. In addition, Defendants unlawful and continuing misappropriation, use, and/or disclosure of its trade secrets and Confidential Information, has caused Merchant Lynx to suffer damages for which it has no adequate remedy at law. Defendants acknowledged as such in the Representative Agreement.

68. Merchant Lynx has a substantial likelihood of success on the merits of this claim because of Merchant Lynx's unlawful misappropriation, use, and/or disclosure of its trade secrets and Confidential Information.

69. The threat of harm to Merchant Lynx in the absence of injunctive relief far outweighs the threat of harm to Defendants. Merchant Lynx faces substantial financial loss, the loss of goodwill, trust and loyalty of its customers, and the loss of its competitive position in the payment processing services industry, whereas the only "hardship" imposed on Defendants would be to prevent them from reaping the unfair benefits from their misappropriation.

70. The public interest is served by granting an injunction because the public favors preventing persons and entities such as Defendants from profiting off of their wrongful and unlawful conduct.

71. The Confidential Information is related to products and services provided by Merchant Lynx that are used in and intended for use in interstate commerce.

72. The actions of Defendants were intentional, willful, outrageous, and malicious, justifying the imposition of injunctive relief and actual and exemplary damages.

WHEREFORE, Merchant Lynx respectfully requests that this Court enter judgment against Defendants as follows:

i. Preliminarily and permanently enjoin Defendants and anyone working in concert with them from disclosing or using Merchant Lynx's Confidential Information for their benefit or for the benefit of any other person;

ii. Order Defendants and anyone working in concert with them to maintain the confidentiality of Merchant Lynx's Confidential Information, and to return, destroy, or delete all such information in their possession, custody, or control;

iii. Preliminarily and permanently enjoin Defendants and anyone working in concert with them from soliciting the Accounts;

iv. Award Merchant Lynx damages, including statutory exemplary damages against Defendants for the misappropriation and/or threatened misappropriation or use of Merchant Lynx's Confidential Information; and

v. Award Merchant Lynx reasonable attorneys' fees, costs, and interest, and such other and further relief that this Court deems just and proper.

### COUNT IV
### VIOLATION OF FLORIDA'S UNIFORM TRADE SECRETS ACT (AGAINST DEVLIN AND FREEDOM EDGE)

73. Merchant Lynx adopts and re-alleges paragraphs 1-32 above as though fully alleged herein.

74. This is an action for damages and injunctive relief under FUTSA.

75. Upon information and belief, Defendants have misappropriated Merchant Lynx's Confidential Information—constituting trade secrets in whole or in part—without its consent, in violation of FUTSA.

76. The trade secrets and Confidential Information misappropriated by Defendants derive independent economic value by virtue of not being generally known to, and not being readily ascertainable by, other persons who can obtain economic value from their disclosure or use.

77. Merchant Lynx takes reasonable measures to maintain the confidentiality of and protects its trade secrets and Confidential Information, including limiting access to them and preventing anyone from accessing such information who is not subject to confidentiality obligations.

78. Defendants, through their representative capacity with Merchant Lynx, acquired, had access to, and had direct knowledge and reason to know of Merchant Lynx's trade secrets and Confidential Information, as shown by the acknowledgement in the Representative Agreement.

79. Defendants were obligated by the Representative and/or Settlement Agreements and by applicable law to refrain from disclosing or using Merchant Lynx's trade secrets and Confidential Information.

80. Nonetheless, Defendants misappropriated, used, and/or disclosed Merchant Lynx's trade secrets and Confidential Information for their own benefit to target, solicit, and influence merchants to leave Merchant Lynx.

81. As a direct and proximate result of Defendants conduct in violation of FUTSA, Merchant Lynx has suffered and will continue to suffer immediate and irreparable injury to its business, goodwill, and income. At present, it is difficult to calculate this injury with precision, but the monetary damage exceeds $500,000.

82. In addition, Defendants unlawful and continuing misappropriation, use, and/or disclosure of its trade secrets and Confidential Information, has caused Merchant Lynx to suffer

damages for which it has no adequate remedy at law. Defendants acknowledged as such in the Representative Agreement.

83. Merchant Lynx has a substantial likelihood of success on the merits of this claim because of Defendant's unlawful misappropriation, use, and/or disclosure of its trade secrets and Confidential Information.

84. The threat of harm to Merchant Lynx in the absence of injunctive relief far outweighs the threat of harm to Defendants. Merchant Lynx faces substantial financial loss, the loss of goodwill, trust and loyalty of its customers, and the loss of its competitive position in the payment processing services industry, whereas the only "hardship" imposed on Defendants would be to prevent it from reaping the unfair benefits from their misappropriation.

85. The public interest is served by granting an injunction because the public favors preventing persons and entities such as Defendants from profiting off of their wrongful and unlawful conduct.

86. The Confidential Information is related to products and services provided by Merchant Lynx that are used in and intended for use in interstate commerce.

87. The actions of Defendants were intentional, willful, outrageous, and malicious, justifying the imposition of injunctive relief and actual and exemplary damages.

WHEREFORE, Merchant Lynx respectfully requests that this Court enter judgment against Defendants as follows:

vi. Preliminarily and permanently enjoin Defendants and anyone working in concert with them from disclosing or using Merchant Lynx's Confidential Information for their benefit or for the benefit of any other person;

vii.  Order Defendants and anyone working in concert with them to maintain the confidentiality of Merchant Lynx's Confidential Information, and to return, destroy, or delete all such information in their possession, custody, or control;

viii.  Preliminarily and permanently enjoin Defendants and anyone working in concert with them from soliciting Merchant Lynx's Accounts;

ix.  Award Merchant Lynx damages, including statutory exemplary damages against Defendants for the misappropriation and/or threatened misappropriation or use of Merchant Lynx's Confidential Information; and

x.  Award Merchant Lynx reasonable attorneys' fees, costs, and interest, and such other and further relief that this Court deems just and proper.

### COUNT V
### TORTIOUS INTERFERENCE WITH CONTRACT AND BUSINESS RELATIONSHIPS
### (AGAINST DEVLIN AND FREEDOM EDGE)

88. Merchant Lynx adopts and re-alleges paragraphs 1-32 above as though fully alleged herein.

89. Merchant Lynx has valid contracts and long-standing business relationships with merchants for payment processing and related services. The merchant relationships are the core of Merchant Lynx's business and are highly valuable.

90. At all times, Defendants were aware of these contracts and relationships; indeed, Merchant Lynx paid Defendants to help solicit many of those relationships.

91. Defendants intentionally and without justification interfered with Merchant Lynx's contracts and relationships with merchants by, among other things, targeting, soliciting, and influencing merchants to leave Merchant Lynx. Further, Defendants willfully interfered with Merchant Lynx's relationships by initiating contact with merchants and instigating or perpetuating

disputes or perceived disputes related to Merchant Lynx and disrupting the relationships between the merchants and Merchant Lynx.

92. The actions of Defendants were intentional, willful, outrageous and malicious, as indicated by their brazen disregard of their own contractual obligations to Merchant Lynx.

93. Defendants' interference with Merchant Lynx's contractual and business relationships with merchants has actually and proximately caused Merchant Lynx significant damages in excess of the jurisdictional limits of this Court.

94. Further, because Defendants' actions set forth above were fraudulent and malicious, Merchant Lynx is entitled to exemplary damages to the fullest extent permitted by law.

95. As a direct and proximate result of Defendants' actions, Merchant Lynx has suffered, and will continue to suffer irreparable and incalculable harm including the loss of merchants, goodwill, and customer trust and loyalty.

WHEREFORE, Merchant Lynx respectfully requests that this Court enter judgment against Defendants as follows:

i. Award Merchant Lynx damages, including but not limited to, any and all monetary damages, punitive damages, and interest;

ii. Awarding a preliminary and permanent injunction prohibiting Defendants and anyone working in concert with them from interfering with Merchant Lynx's Accounts; and

iii. Awarding any other relief this Court deems just and proper.

WHEREFORE, Merchant Lynx respectfully requests this Court enter judgment in its favor and against Defendants, award Merchant Lynx the monetary and injunctive relief requested above, and grant all such other and further relief to which Merchant Lynx may be justly entitled.

Respectfully Submitted,

/s/ Sara D. Accardi
Sara D. Accardi, Esq.
Florida Bar No. 106923
**BRADLEY ARANT BOULT CUMMINGS LLP**
1001 Water Street, Suite 1000
Tampa, FL 33602
T: (813) 559-5500 | F: (813) 229-5946
saccardi@bradley.com
jbrandt@bradley.com

Benjamin Michael Katz, Esq.
Florida Bar No. 100930
**BRADLEY ARANT BOULT CUMMINGS LLP**
ONE 22 ONE
1221 Broadway, Suite 2400
Nashville, TN 37203
T: (615) 244-2582 | F: (615) 252-6380
bkatz@bradley.com
rboswell@bradley.com

*Counsel for Plaintiff*